UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MALACO, INC. | CIVIL ACTION |
| VERSUS | NO. 25-266 |
| DION NORMAN ET AL. | SECTION "O" (3) |

**ORDER AND REASONS**

Plaintiff, Malaco, Inc., filed a Motion for Leave to File Second Amended Complaint.[1] No opposition has been filed, and the deadline to do so has expired. Having considered the submissions of counsel, the record, and the applicable law, the Court grants the Motion for Leave to Amend Complaint.

On February 6, 2025, Plaintiff filed this lawsuit against Dion Norman and Derrick Ordogne.[2] On March 17, 2025, Plaintiff filed its First Amended Complaint.[3] On December 22, 2025, Plaintiff filed the instant motion seeking to amend its First Amended Complaint to include additional details relative to the existing claims.[4] No scheduling order has been entered, and there is no trial date.

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Under Rule 15(a)(2), if more than 21 days have

---

[1] R. Doc. 15.
[2] R. Doc. 1.
[3] R. Doc. 8.
[4] R. Doc. 15, ¶ 1.

1

passed after service of a 12(b) motion and no scheduling order has been entered, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[5]

The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend."[6] The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend."[7] Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case."[8] Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[9] Denial of leave to amend is reviewed for abuse of discretion.[10] "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or

---

[5] Fed. R. Civ. P. 15(a)(2).
[6] *Chitimacha Tribe of Louisiana v. Harry L.L. Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).
[7] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[8] *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).
[9] *Schiller*, 342 F.3d at 566.
[10] *Mayeaux*, 376 F.3d at 425.

undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'"[11]

Each of the relevant factors weighs in favor of amendment. The parties are in the early stages of litigation. No trial date has been set, and the proposed pleading does not add any new parties. Further, there is no indication that amendment would be unduly prejudicial. And futility is not at issue.

For the reasons set forth above,

**IT IS ORDERED** that the Motion (R. Doc. 15) is **GRANTED**. Plaintiff's proposed Second Amended Complaint (R. Doc. 15-3) shall be filed in the record.

New Orleans, Louisiana, this 5th day of January, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[11] *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).