**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MALACO, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-266** |
| **DION NORMAN & DERRICK ORDOGNE** | **SECTION: N** |

**ORDER AND REASONS**

Before the Court is Defendants' Motion for Reconsideration[1] of this Court's September 16, 2026, order and reasons[2] granting Plaintiff's first motion for partial summary judgment.[3] Plaintiff Malaco, Inc. opposes this motion.[4] Defendants filed a reply in support.[5] For the following reasons, the Court denies the motion.

## I. Background

This case involves a dispute over the legal rights to two popular New Orleans nightclub songs recorded in the early 1990s: "Where They At" and "Bitches (Reply)."[6] On September 16, 2026, this Court issued an order and reasons granting Malaco's first motion for partial summary judgment on declaratory judgment counts one through four.[7] The Court found, primarily, that Defendants hold no copyright ownership in the publishing or sound recording rights for either song, as their claims to such rights are time-barred.[8]

---

[1] Rec. Doc. 81.
[2] Rec. Doc. 77.
[3] Rec. Doc. 31.
[4] Rec. Doc. 84.
[5] Rec. Doc. 89.
[6] *See* Rec. Doc. 77 at 1-3, Section I ("Background").
[7] Rec. Doc. 77.
[8] *Id.*

On September 21, 2026, Defendants filed the instant motion for reconsideration, arguing that the Court committed manifest errors of law and fact regarding the accrual of the statute of limitations for their copyright ownership claims arising from their claimed authorship of the two songs.[9] Defendants presented new legal theories and new evidentiary support, claiming a long-running course of dealing between Defendants and Malaco and Malaco's predecessor-in-interest and filing exhibits not previously submitted to the Court.[10] Malaco argues first that the Court should not consider rejected arguments or new arguments that could have been raised previously by Defendants.[11] Second, Malaco argues that Defendants' arguments fail on the merits because any conduct that occurred more than three years after 1992 cannot revive the claims that had already accrued and become time barred.[12] Lastly, Malaco argues a reconsideration of counts one through four would significantly prejudice Malaco given the imminent trial date.[13]

## II. Law and Analysis

This Court's order adjudicated "fewer than all the claims" and therefore is interlocutory.[14] A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[15] The court "must exercise this broad discretion sparingly," however, "to

[9] Rec. Doc. 81 at 1.
[10] *Id.* at 4-5.
[11] Rec. Doc. 84 at 6.
[12] *Id.* at 13.
[13] *Id.* at 15.
[14] Fed. R. Civ. P. 54(b).
[15] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

forestall the perpetual reexamination of orders and the resulting burdens and delays."[16] "[A]lthough a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, "without justification, rais[ing] new arguments for the first time."[17]

In *Calpetco*, the Fifth Circuit affirmed a district court's denial of a motion for reconsideration when the plaintiff offered thirty-seven new documents and offered no explanation as to its failure to submit the documents earlier.[18] The Court reasoned that the district court was not required to reconsider a summary judgment "simply because Calpetco belatedly came forward with evidence not submitted prior to the ruling."[19] If the answer was to reconsider the new evidence, "the cycle of reconsideration would be never-ending."[20]

The same reasoning applies here. Defendants now rely on more than forty new exhibits that they failed to tender previously, with no explanation for their earlier omission, and Malaco claims were never produced in discovery. As the Court held in *Calpetco*, just because Defendants now come forward with new evidence of course of dealing, the Court is not required to reconsider its ruling on partial summary

---

[16] *In re TK Boat Rentals, LLC*, No. CV 17-1545, 2019 WL 13241984, at *2 (E.D. La. Aug. 9, 2019).
[17] *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) (citation modified); 18B Wright & Miller's Federal Practice & Procedure § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").
[18] *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).
[19] *Id.*
[20] *Id.*; *see also In Re TK Boat Rentals, LLC*, 2019 WL 13241984, at *3 ("None of the practical issues AGCS now raises in its motion for reconsideration was urged in its original motion though they could have been. Nor were the issues addressed by the Court's September 6, 2018 order. Thus, AGCS's motion for reconsideration improperly asks the Court to resolve issues that were not before it then or properly before it now.").

judgment.[21] Doing so would hinder the "just, speedy, and inexpensive determination" of the action.[22] In any event, Defendants' new evidence fails to establish a dispute as to any material fact underlying the Court's order. Instead, it primarily relates to business dealings that occurred far more than three years after Defendants' ownership was expressly repudiated. Again, Defendants provide no explanation for why they did not submit these materials with their opposition to Malaco's motion—even after the Court *sua sponte* granted Defendants leave to file an amended statement of uncontested material facts in opposition when their initial statement failed to cite record evidence or indicate whether they admit or deny Malaco's statement of uncontested materials facts.[23] It is within the Court's "considerable discretion" to determine that "enough is enough."[24] As to any other legal theory that Defendants attempt to relitigate, the Court finds the arguments unpersuasive and that any further consideration of the Court's order would be prejudicial to Malaco.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion for reconsideration is **DENIED**.

New Orleans, Louisiana, this 29th day of September, 2026.

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

[21] *Calpetco 1981*, 989 F.2d at 1415.
[22] *Id.* (quoting Fed. R. Civ. P. 1).
[23] Rec. Doc. 49.
[24] *Calpetco 1981*, 989 F.2d at 1415.