**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MALACO, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-266** |
| **DION NORMAN & DERRICK ORDOGNE** | **SECTION: N** |

**ORDER**

Before the Court is Defendants' Motion for Summary Judgment.[1] Plaintiff Malaco, Inc., opposes the motion.[2] Defendants filed a reply in support.[3] For the following reasons, the Court denies the motion.

## I. Background

This case involves a dispute over the legal rights to two popular New Orleans nightclub songs recorded in the early 1990s: "Where They At" and "Bitches (Reply)."[4] In its second amended complaint,[5] Malaco alleged seven counts against Defendants: (1) Declaratory Judgment: Sound Recording Rights for "Where They At," (2) Declaratory Judgment: Sound Recording Rights for "Bitches (Reply)," (3) Declaratory Judgment: Publishing Rights for "Where They At," (4) Declaratory Judgment: Publishing Rights for "Bitches (Reply)," (5) Intentional Misrepresentation, (6) Payment of A Thing Not Due, and (7) Unjust Enrichment.

---

[1] Rec. Doc. 42.
[2] Rec. Doc. 44.
[3] Rec. Doc. 47.
[4] *See* Rec. Doc. 77 at 1-3, Section I ("Background").
[5] Rec. Doc. 18.

On September 16, 2026, the Court granted Malaco's first motion for partial summary judgment on counts one through four on the grounds that Defendants are legally time-barred from claiming copyright ownership interests in the two songs at issue.[6] The Court denied Defendants' subsequent motion to reconsider.[7] The Court denies Defendants' motion for summary judgment on counts one through four for the reasons stated in its order of September 16, 2026,[8] and thus addresses Defendants' motion as it relates to the remaining counts five, six, and seven.

## II. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no

[6] Rec. Doc. 77.
[7] Rec. Doc. 91.
[8] Rec. Doc. 77.
[9] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[10] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[13]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[14] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[15]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[16] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be

[13] *Smith v. AmedisysInc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[14] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257,1264-65 (5th Cir. 1991) (citation modified).
[15] *Celotex*, 477 U.S. at 322-24.
[16] *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727.1 (2016) (discussing *Celotex* summary-judgment burden of proof standard).

useless, and the moving party is entitled to summary judgment as a matter of law.[17] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[18] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[19] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[20] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[21] Still, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the

[17] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[18] *Celotex*, 477 U.S. at 332-33.
[19] *Id.*
[20] *Id.* at 332 n.3.
[21] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

claim."[22] "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[23]

## III. Analysis

Defendants extensively argue their position on the copyright ownership of "Where They At" and "Bitches Reply," *i.e.*, counts one through four. However, Defendants do not offer any legal argument directed at the counts at issue for intentional misrepresentation, payment of a thing not due, and unjust enrichment.

The Court finds that Defendants did not meet their responsibility "of informing the district court of the basis for [their] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[] demonstrate the absence of a genuine issue of material fact," for counts five, six, and seven.[24] And they fall far short of showing that "there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law" on these counts.[25]

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' motion for summary judgment is **DENIED.**

---

[22] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[23] *Id.* (citation modified).
[24] *Celotex*, 477 U.S. at 323.
[25] Fed. R. Civ. P. 56.

New Orleans, Louisiana, this 2nd day of October, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE